UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

REGINA LEWIS,

              Plaintiff,

           -against-

UNITED STATES DISTRICT JUDGE
KENNETH M. KARAS,

              Defendant.

20-CV-7532 (CM)

ORDER OF DISMISSAL

---

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, appearing *pro se*, brings this action alleging that Defendant "is in contempt, has committed fraud upon the court, by assigning his duties to either a clerk or a magistrate in obstruction." (ECF No. 1 at 8.) By order dated September 30, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Regina Lewis brings this complaint, under 42 U.S.C. § 1981(a), seeking to challenge the actions of the Honorable Kenneth M. Karas in a prior action in this Court, *Lewis v. Newburgh Hous. Auth.*, ECF 7:11-CV-3194 (S.D.N.Y. Nov. 5, 2018) ("*Lewis I*"), and in a pending action in this Court, *Lewis v. Ellen*, ECF 7:17-CV-8101 (S.D.N.Y. filed Oct. 19, 2017) ("*Lewis II*").

In *Lewis I*, on October 18, 2011, the parties consented to the exercise of jurisdiction by Magistrate Judge Lisa M. Smith. *See Lewis I*, ECF 7:11-CV-3194, 14. On October 10, 2017, after conducting a competency hearing under Rule 17 of the Federal Rules of Civil Procedures, Magistrate Judge Smith determined that Plaintiff was not competent to represent herself in that action, finding that Plaintiff's "mental health issues have impeded her ability to progress with her

2

case," and "that progress in [the] litigation has been, and will continue to be stymied by Plaintiff's erratic behavior." *See id* (ECF No. 153, at 16-17). Magistrate Judge Smith then appointed Plaintiff's brother, Lenny Lewis, to serve as Plaintiff's guardian *ad litem*. (*Id*.) On December 19, 2017, attorney Amy Jane Agnew filed a notice of appearance as *pro bono* counsel for the guardian *ad litem*. But on March 9, 2018, the Court granted Lenny Lewis's request to be relieved as guardian *ad litem* and granted Agnew 60 days in which to secure a replacement guardian *ad litem* pursuant to an Article 81 proceeding that she had filed in state court. On April 19, 2018, Agnew informed the Court by letter that she had withdrawn the Article 81 state-court petition because "it was determined that [Plaintiff] will remain non-compliant and unprepared to participate." *Id*. (ECF No. 179). Agnew also stated in the letter that she and her colleague, Mishael Pine, were "more than willing to withdraw from the instant litigation, as there is nothing more to be done until Ms. Lewis finds an appropriate guardian *ad litem*." *Id*.

On October 2, 2018, upon reconsideration of Plaintiff's competency, Magistrate Judge Smith again found that Plaintiff's recent "erratic behavior," which included multiple "vitriolic" voicemail messages to the Court, "reinforces the Court's view that Plaintiff remains incapable of advancing her own interests in this litigation." *Id*. (ECF No. 201, at 18). Judge Smith reaffirmed her prior determination under Rule 17(c) that "Plaintiff is not legally competent to proceed without the appointment of a [guardian *ad litem*]." *Id*. at 21. By order dated November 5, 2018, Judge Smith dismissed the action without prejudice, but held that if Plaintiff were deemed competent by a federal court or if she were able to obtain a new guardian *ad litem*, she could move to reopen the action. *Id.* at ECF No. 202.

Plaintiff filed a notice of appeal (ECF No. 203). By Mandate dated March 25, 2019, the United States Court of Appeals for the Second Circuit acknowledged its previous leave-to-file

sanction against Plaintiff in *Lewis v. Cnty. of Orange*, No. 16-4017 (2d Cir. May 18, 2018), and denied Plaintiff's motion for leave to file an appeal because the appeal did not depart from her "prior pattern of vexatious filings." (ECF No. 204).

Plaintiff has since filed in *Lewis I*: a motion for reconsideration (ECF No. 205), a letter informing the Court that she was found competent in 2015, (before Judge Smith held the competency proceeding) (ECF No. 208), a motion for a new trial (ECF No. 209), and a letter regarding the Court's failure to rule on her motion (ECF No. 210). By order dated March 6, 2020 (ECF No. 211), Judge Smith found that her September 29, 2017 determination that Plaintiff was not competent to represent herself had not changed, and that Plaintiff was therefore not permitted to file motions on her own behalf. On this basis, she denied Plaintiff's motion.

Despite Judge Smith's rulings, Plaintiff has continued to file civil actions that have been dismissed without prejudice because she is incompetent; the Second Circuit Court of Appeals has denied her motions for leave to appeal because the appeals did not depart from her "prior pattern of vexatious filings." *See e.g., Lewis v. United States*, ECF 1:19-CV-11504, 2 (S.D.N.Y. Dec. 23, 2019), *appeal denied*, No. 20-0096 (2d Cir. Apr. 8, 2020); *Lewis v. Ditomasso*, ECF 1:19-CV-10665, 4 (S.D.N.Y. Dec. 6, 2019), *appeal denied*, No. 19-4352 (2d Cir. Apr. 8, 2020); *Lewis v. United States*, ECF 1:19-CV-0839, 2 (S.D.N.Y. Feb. 1, 2019), *Lewis v. Miller*, ECF 1:18-CV-10324, 3 (S.D.N.Y. Nov. 15, 2018); *Lewis v. Cnty. of Orange*, ECF 1:18-CV-9038, 2(S.D.N.Y. Oct. 30, 2018).

In this action, Plaintiff alleges, concerning *Lewis I*, which is closed, that she did not consent to the exercise of jurisdiction by Magistrate Judge Smith. Plaintiff contends that "a magistrate cannot preside over a case in its entirety, finalize settlement or dismiss a case with or without prejudice." (ECF 1 at 1.) She also asserts that Judge Karas "has not performed his

judicial function" in *Lewis I* and "abandoned the case." (*Id.* at 2.) Plaintiff further asserts that Judge Karas abandoned *Lewis II*, that he "is in contempt, has committed fraud upon the court, by assigning his duties to either a clerk or a magistrate in obstruction." (*Id.* at 8.) Plaintiff contends that Judge Karas "is liable for the injury in the delay and all the other issues that flowed from the filing of my lawsuits and my attempt to prosecute and settle them. (*Id.*) Plaintiff seeks damages in the amount of $500,000 and seeks to have all orders issued in *Lewis I* and *Lewis II* declared void. She further seeks to have Judge Karas "disqualified from presiding over my cases now and in the future and liable." (*Id.*)

## DISCUSSION

Plaintiff's claims against Judge Kenneth M. Karas must be dismissed. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated, or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions

that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff's claims against Judge Karas arise of out of his rulings and actions while presiding over *Lewis I* and *Lewis II*; such rulings and actions were within the scope of his judicial capacity and jurisdiction. The Court therefore dismisses Plaintiff's claims against Judge Kenneth M. Karas under the doctrine of judicial immunity and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute]."); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

Because the Court dismisses this action as frivolous and not on the merits, it need not address the issue of Plaintiff's competency. *See Denton v. Hernandez*, 504 U.S. 25, 34 (1992) (dismissal of an IFP complaint on ground of frivolousness is not a dismissal on the merits, but rather an exercise of the court's discretion under the IFP statute). While these claims are frivolous, in an abundance of caution, the Court dismisses them without prejudice. *See Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 135 (2d Cir. 2009) (courts should dismiss without prejudice claims of incompetent persons who appear without a guardian *ad litem* or counsel). Should Plaintiff file an action that is not frivolous or otherwise meritless on its face, the Court will revisit the issue of Plaintiff's competency.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: October 5, 2020
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge